UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-25436-CV-WILLIAMS
(16-20014-CR-WILLIAMS)
MAGISTRATE JUDGE REID

JUAN CARLOS REINA-VALENCIA,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.

_____/

# REPORT OF MAGISTRATE JUDGE

## I. Introduction

This Cause is before the Court upon a Motion to Vacate pursuant to 28 U.S.C. § 2255 attacking Movant's sentence following a guilty plea in Case No. 16-20014-CR-WILLIAMS. [ECF No. 1].[1]

This matter has been referred to the Undersigned for consideration and report pursuant to S.D. Fla. Admin. Order 2019-2. [ECF No. 4]. For the following reasons, the Motion should be **DENIED**. [ECF No. 1].

---

[1] This Report uses the citation "[ECF]" to reference docket entry numbers in the instant federal habeas case. Citations to "[CR ECF]" refer to docket entry numbers in the underlying criminal case.

## II. Pertinent Factual and Procedural Background

Pursuant to a plea agreement, Movant pled guilty to conspiracy to distribute cocaine knowing it would be imported into the United States in violation of 21 U.S.C. § 963. [CR ECF Nos. 29; 32; 33]. The judgment against him was entered on January 31, 2018, sentencing Movant to 57 months' imprisonment, with credit given from the time of his arrest, and a 5-year supervisory release period to follow. [CR ECF No. 75]. Movant did not appeal.

Pertinent to this action, the judgment against one of Movant's Codefendants, Uencer Cuesta-Lobon,[2] was entered on June 4, 2018. [CR ECF No. 118]. The Court sentenced him to 51 months' imprisonment, with credit given from the date of arrest, and a 5-year supervisory release period to follow. [*Id.*]. The instant Motion was filed approximately six months later. [ECF No. 1].

### III.   Threshold Issues - Timeliness

Stated broadly, federal prisoners have a 1-year period to file a Section 2255 motion. *See* 28 U.S.C. § 2255(f). The Government has not challenged the timeliness of the instant Motion. [ECF No. 11 at 3]. The Motion shall, therefore, be treated as timely. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 655 (11th Cir. 2020) (explaining a respondent's silence after being provided an opportunity to raise a timeliness defense may serve as a waiver of the defense).

---

[2] Movant mistakenly referred to this codefendant as "Uncer Lobon." [ECF No. 1 at 4].

## IV. Standard of Review

Section 2255 states in relevant part that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution...may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a).

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232-33 (11th Cir. 2004) (citations and internal quotations omitted). If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or

resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## V. Discussion

As his sole ground for relief, Movant contends his Counsel was ineffective for not arguing there was a sentencing disparity between him and Codefendant Cuesta-Lobon. [ECF No. 1 at 4]. This claim lacks merit.

Counsel could not have possibly argued that there was a sentencing discrepancy between Movant and Codefendant Cuesta-Lobon at sentencing, as Codefendant Cuesta-Lobon had not yet been sentenced. *Compare* [CR ECF Nos. 72; 75], *with* [CR ECF Nos. 117; 118]. Therefore, Counsel was not ineffective. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct *from counsel's perspective at the time*.") (emphasis added).

Likewise, because the judgment against Movant was entered on January 31, 2018 [CR ECF No. 75], and the judgment against Codefendant Cuesta-Lobon was entered on June 4, 2018 [CR ECF No. 118], any sentencing discrepancy would not have existed when it was time for Movant to initiate an appeal (*i.e.*, 14 days from the date of the judgment or 30 days after that deadline if good cause and excusable neglect are present). *See* Fed. R. App. Proc. 4(b)(1), (4). Because any sentencing

discrepancy would not have existed within the time to appeal, Counsel is not ineffective. *See Strickland*, 466 U.S. at 689.

## VI. Evidentiary Hearing

Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015).

However, district courts "need not hold a hearing if the allegations are 'patently frivolous,' based upon 'unsupported generalizations,' or 'affirmatively contradicted by the record.'" *Diveroli*, 803 F.3d at 1263 (relying upon *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014)); *cf. Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that if the record refutes the factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing in a § 2254 context).

Here, an evidentiary hearing is not warranted. The waiver to collateral review precludes the Court from considering Movant's claims.

## VII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus [or motion to vacate] has no absolute entitlement to appeal, but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1);

*Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253 (c)(2). To merit a certificate of appealability, prisoners must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001).

In this case, there is no basis to issue a certificate of appealability.

### VIII. Conclusion

Based on the foregoing, it is recommended that the Motion to Vacate be **DENIED**. [ECF No. 1]. In addition, an evidentiary hearing should be **DENIED**, and this Court should **NOT ISSUE** a certificate of appealability. Accordingly, this case should be **CLOSED**.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Court Judge of an issue covered in this Report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Signed this 10th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Juan Carlos Reina-Valencia
14952-104
McRae
Correctional Institution
Inmate Mail/Parcels
Post Office Drawer 55030
McRae Helena, GA 31055
PRO SE

Timothy J. Abraham
UNITED STATES ATTORNEYS OFFICE
99 N.E. 4th Street
7th Floor
Miami, FL 33132
305-961-9438
Fax: 305-536-7599
Email: Timothy.Abraham2@usdoj.gov

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov